JAP:AHT

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

M10- 977

- - - - - - - - - - - - - - - - -X

UNITED STATES OF AMERICA

    - against -

GRACIELA PANTIGOZO,

        Defendant.

C O M P L A I N T

(T. 8, U.S.C.,
§§ 1326(a) and
1326(b)(2))

- - - - - - - - - - - - - - - - -X

EASTERN DISTRICT OF NEW YORK, SS:

    GERARDO GALINDO, being duly sworn, deposes and states that he is a Deportation Officer with Immigration and Customs Enforcement, duly appointed according to law and acting as such.

    On or about June 22, 2010, within the Eastern District of New York, the defendant GRACIELA PANTIGOZO being an alien who had previously been deported from the United States after a conviction for an aggravated felony, to wit: Conspiracy to Commit Retail Theft in violation of Title 18, Pennsylvania Consolidated Statutes, Section 3929(a)(1) was found in the United States without the Secretary of the Department of Homeland Security having expressly consented to such alien's readmission.

    (Title 8, United States Code, Section 1326(b)(2)).

    The source of your deponent's information and the grounds for his belief are as follows:[1]

---

    [1] Because the purpose of this Complaint is to set forth only those facts necessary to establish probable cause to arrest,

1. I am an Deportation Officer with Immigration and Customs Enforcement ("ICE") and have been involved in the investigation of numerous cases involving the illegal re-entry of aliens. I am familiar with the facts and circumstances set forth below from my participation in the investigation; my review of the investigative file, including the defendant's criminal history record; and from reports of other law enforcement officers involved in the investigation.

2. On June 22, 2010, the defendant, GRACIELA PANTIGOZO, was arrested by the New York Police Department ("NYPD") in Queens, New York for Criminal Possession of Stolen Property in the Third Degree, in violation of New York Penal Law § 165.50.

3. Subsequent to the arrest, the NYPD ran a criminal history report and found that the defendant, a citizen of Mexico, had been previously been removed from the United States on September 25, 2008 and December 31, 2008.

4. The NYPD immediately notified ICE, and ICE officials determined that on or about September 9, 2008, the defendant GRACIELA PANTIGOZO had been convicted of Conspiracy to Commit Retail Theft in violation of Title 18, Pennsylvania

---

I have not described all the relevant facts and circumstances of which I am aware.

Consolidated Statutes, Section 3929(a)(1), an aggravated felony offense.

5. An ICE official with fingerprint analysis training compared the fingerprints taken in connection with the defendant's arrest underlying her September 9, 2008 conviction; the fingerprints taken in connection with the defendant's September 25, 2008 and December 13, 2008 removals; and the fingerprints taken in connection with the defendant's June 22, 2010 arrest, and determined that all four sets of fingerprints were made by the same individual.

6. A search of ICE records has revealed that there exists no request by the defendant for permission from either the United States Attorney General of the Secretary of the Department of Homeland Security to re-enter the United States after removal.

4

WHEREFORE, your deponent respectfully requests that the defendant GRACIELA PANTIGOZO be dealt with according to law.

_____
GERARDO GALINDO
Deportation Officer
Immigration and Customs Enforcement

Sworn to before me this
25th day of August, 2010

_____
UNITED STATES MAGISTRATE JUDGE
EASTERN DISTRICT OF NEW YORK